IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. WILLIAMS,<br><br>    **Plaintiff,**<br><br>v.<br><br>THE PEOPLE OF THE STATE OF ILLINOIS,<br><br>    **Defendant.** | Case No. 22-CV-02528-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On October 31, 2022, Petitioner Robert Earl Williams filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1). On February 7, 2023, Williams filed a supplement to his Petition. (Doc. 7). On July 13, 2022, Williams was convicted of possession of methamphetamine under 5 grams. *People v. Williams*, Case No. 2022-CF-93 (4th Judicial Circuit). Williams was incarcerated at Graham Correctional Center (an Illinois state prison) following his conviction and sentencing. *Id.* Therefore, although Williams filed this action pursuant § 2241, he is a state prisoner attacking the validity of a state court conviction and sentence imposed by the state of Illinois and may only proceed with a habeas action in federal court under 28 U.S.C. § 2254. Section 2254 "in effect implement[s] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the judgment of a state court, and not in custody for some other reason, such as pre-

conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).

The case is now before the Court for a preliminary review of the Petition and Supplement pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Rules Governing Section 2254 gives this Court authority to apply the Rules to other habeas corpus cases. After careful review of the Petition and Supplement, the Court now concludes that this action must be dismissed.

Williams alleges ineffective assistance of counsel, perjury of a witness, judicial misconduct, and prosecutorial misconduct. (Doc. 1). However, Williams may not challenge his conviction via a § 2241 or § 2254 petition at this time because he has not exhausted his state remedies. Absent exceptional circumstances, a petitioner may not file a federal habeas petition pursuant to § 2254 until they have exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioners are required to raise constitutional issues with the state courts and afford them an opportunity to resolve the issue "by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999); *Byers v. Basinger*, 610 F.3d 980, 985 (7th. Cir. 2010). Generally, this includes raising every issue at the trial court and then

appealing any adverse decision to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. § 2254; *O'Sullivan*, 526 U.S. at 845; *Byers*, 610 F.3d at 985. The exceptions to this general rule are: "(1) if there is no state corrective process available, or (2) if circumstances exist which render such process ineffective to protect the prisoner's rights." *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995); *see also Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992). Such exceptions are interpreted to include undue delay that is inordinate and unjustifiable. *See Sceifers*, 46 F.3d 703; *e.g. Dozie v. Cady*, 430 F.2d 637 (7th Cir. 1970) (finding that a seventeen month delay was inordinate). Where an exception exists, federal courts may proceed while a state appeal is pending. *See Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993).

The electronic docket[1] in the state case reveals that Williams has sought relief in the Appellate Court of Illinois in the Fifth Judicial District and that such appeal is ongoing. Thus, the state case is still pending, and this Court finds no undue delay warranting an exception to the general rule, requiring petitioners to exhaust state remedies. Therefore, Williams is not entitled to federal relief at this time under either § 2241 or § 2254 because he has not exhausted his available state remedies.

Additionally, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) provides that federal courts should abstain from interjecting itself into pending state judicial proceedings, absent special circumstances. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Exceptions exist for speedy

---

[1] See JUDICI, https://www.judici.com/courts/cases/case_information.jsp?court=IL061015J&ocl=IL061015J,2022CF93,IL061015JL2022CF93D1 (last visited Feb. 1 2023).

trial and double jeopardy claims where, without immediate federal intervention, the challenge would become moot. *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *accord Braden*, 410 U.S. at 489-92. This Court finds that no special circumstances exist here.

## DISPOSITION

**IT IS HEREBY ORDERED** that for the reasons set forth above, Robert E. Williams' Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**. This action is **DISMISSED without prejudice** pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **DIRECTS** the Clerk of Court to close the case on the Court's docket. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner Williams has not made "a substantial showing of the denial of a constitutional right."

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Here, no reasonable jurist would find it debatable whether

this Court's rulings were correct. Accordingly, the Court denies a certificate of appealability.

Petitioner may reapply for a certificate of appealability to the United States Court of Appeals for the Seventh Circuit. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED.**

**DATED:  February 9, 2023**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
